IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARMANDO A. CORDOBA, INDEPENDENT
PARALEGAL SERVICES, INC., d/b/a
DISABILITY ADVOCACY CLINIC,

      Plaintiffs,

vs.                                             No. CIV 96-1393 MV/RLP

SHIRLEY S. CHATER, Commissioner
of the Social Security Administration;
SOCIAL SECURITY ADMINISTRATION;
UNITED STATES OF AMERICA,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss, filed April 9, 1997 **[Doc. No. 6]**. The Court, having considered the pleadings, relevant law, and otherwise being fully informed, finds that the motion is well taken and will be **granted in part** and **denied in part**.

### Background

Plaintiffs, a non-attorney representative of claimants for disability benefits and the corporation he controls, are aggrieved at the manner in which the Social Security Administration ("SSA") administers the payment of representation fees to attorneys and representatives of successful disability claimants. Under section 206 of the Social Security Act, 42 U.S.C. § 406, both attorneys and non-attorneys may represent claimants. 42 U.S.C. § 406(a)(1) (1997). The statute and accompanying regulations treat non-attorneys differently in some ways, however. For instance, where attorneys in good standing may represent claimants as of right, non-attorneys first must follow qualifying rules and regulations prescribed by the Commissioner of Social Security. Id. Where non-attorneys must

show a written notice of appointment from claimants, attorneys need not do so. 20 C.F.R. § 404.1707 (1997). Where a prevailing claimant receives past-due benefits, SSA pays an attorney representative directly from those benefits; SSA assumes no responsibility for paying any fee to a non-attorney representative, who must instead look to the claimant for payment. 42 U.S.C. § 406(b)(1)(A); 20 C.F.R. § 404.1720. Lastly, Plaintiffs make the factual allegation that where SSA gives attorney representatives notice when claimants contest a fee, as per 42 U.S.C. § 406(a)(3)(A), SSA gives non-attorney representatives no such opportunity to respond knowingly and effectively to the claimants' arguments for fee reductions. Plaintiffs bring a constitutional challenge to this different treatment under the statute, regulations, and SSA practice.

Plaintiffs also seek relief from certain SSA allegedly defective rulemaking. Their complaint states that SSA, contrary to the authority Congress has granted it under § 406, has implemented rules and regulations setting out requirements for approval of fee agreements. Plaintiffs allege that § 406 does not allow the promulgation of these requirements, but instead compels SSA to approve fee agreements and payments once statutory requirements are met, and that the Commissioner's authority is limited under § 406 to the recognition of representatives and the setting of maximum fees. According to Plaintiffs, in derogation of this constraint SSA has promulgated its Hearings, Appeals, and Litigation Law Manual ("HALLEX"), which goes beyond the statutory authority by setting out requirements for the approval of fee agreements. In essence, Plaintiffs claim that SSA has exceeded the scope of its payment regulation and approval authority under § 406.

Finally, Plaintiffs aver that SSA has not complied with the Administrative Procedure Act, 5 U.S.C. § 553, by failing to publish and provide notice and comment of the allegedly substantive rulemaking the HALLEX embodies. Plaintiffs further state that SSA impermissibly changed the

HALLEX rules Plaintiffs relied upon by denying payment of a fee agreement when Mr. Cordoba had his employees attend hearings in his stead. Plaintiffs state that while the HALLEX allows this substitute representation, this change in the HALLEX allowable procedures came as a result of a memorandum issued by the Assistant Commissioner of SSA which SSA had not published. Because SSA must approve a fee agreement before a representative may charge the claimant a fee, 20 C.F.R. § 404.1720, such denial allegedly deprives representatives of income. According to Plaintiffs, then, in promulgating both the HALLEX and the rule-changing memorandum SSA has failed to abide by the APA and has adversely affected their rights.

Plaintiffs claim having exhausted all their remedies at the administrative level.

In their motion to dismiss Defendants raise jurisdictional grounds. First, Defendants assert that this Court cannot exercise federal question jurisdiction under 28 U.S.C. § 1331, since section 205 of the Social Security Act, 42 U.S.C. § 405, expressly limits judicial review of SSA decisions.[1]

---

[1] The pertinent portions of the Social Security Act state:

(g) Judicial review

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia...

(h) Finality of Commissioner's decision

The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. §§ 405 (g), (h) (1997).

Defendants next argue that jurisdiction is unavailable either under the APA or the limited judicial review provision of § 405(g).  Moreover, Defendants also state that the Court is without mandamus jurisdiction under 28 U.S.C. § 1361 because of the dual requirements that mandamus may lie only in exceptional circumstances and in light of clear illegality, neither of which is present here.  As a corollary, Defendants maintain that the different treatment afforded to non-attorneys pursuant to statute and regulations does not amount to an equal protection violation.  The Court addresses these jurisdictional arguments in turn.

## Discussion

In considering its subject matter jurisdiction, the Court must first distinguish whether the challenge Defendants have brought is facial or factual.  Mortensen v. First Federal Savings and Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977).  In a facial attack, focusing on the sufficiency of the pleadings for jurisdictional considerations, courts must accept as true the facts plaintiffs have pled.  Id.; 2 Moore's Federal Practice § 12.30(4) (1997).  In a factual attack, a defendant questions the existence of subject matter jurisdiction in fact, irrespective of the pleadings.  Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980), cert. denied, 449 U.S. 953 (1980), citing Mortensen, 549 F.2d at 891.  There the court need not accept the plaintiff's averments as true, but instead "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  Mortensen, 549 F.2d at 891.  For all but the Court's mandamus jurisdiction, Defendants here have not addressed Plaintiffs' allegations, instead bringing a factual attack to the authority of this Court to hear this case.  The Court is not bound, therefore, to accept all Plaintiffs' allegations.  The Court will accept factual averments as true in its mandamus analysis, however, for there Defendants challenge the sufficiency of the facts to support such jurisdiction.

The first stop in the jurisdictional analysis, whether the Court can hear this case under its federal question jurisdiction, is a difficult one where the parties have eschewed their obligation to bring case law to the Court's attention. In the jurisdictional thicket of the interrelationship between 28 U.S.C. § 1331 and the Social Security Act, two lines of thought emerge. One, hazily delineated by the Supreme Court, would hold that this Court is without federal question jurisdiction to hear Social Security Act-based complaints. Weinberger v. Salfi, 422 U.S. 749 (1975); Heckler v. Ringer, 466 U.S. 602 (1984); Califano v. Sanders, 430 U.S. 99 (1977). The other, put forth by the District of Columbia, the Fourth, and the Ninth Circuit Courts of Appeals, sidesteps the conflict between the two statutes and distinguishes those Supreme Court decisions, reasoning that notwithstanding Social Security Act limitations on § 1331 jurisdiction, in areas where actions are committed to absolute agency discretion by law, "courts have assumed the power to review allegations that an agency exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations." Guadamuz v. Bowen, 859 F.2d 762, 767 (9th Cir. 1988).

Plaintiffs concede, without showing the alternate view to this Court, that under the statutory scheme of the Social Security Act, this Court is without federal question jurisdiction to review their claims. Although the Supreme Court has not always been crystal clear in discussing the federal question jurisdictional limitations of the Act,[2] in a case involving in part substantive rights to disability payments under the Act, the Court held that 42 U.S.C. § 405(h) closes the door on federal question

---

[2] For example, Mathews v. Eldrige, 424 U.S. 319 (1976) allowed judicial review of a constitutional due process claim arising from an agency decision where the constitutional challenge was entirely collateral to the substantive entitlement claim, id. at 330, while Weinberger, and Califano rejected the right to come to federal court for relief under § 1331, with the latter case reserving allowable subject matter jurisdiction to rare instances where the Commissioner's action is being challenged on constitutional grounds. Califano, 430 U.S. at 109. Moreover, more recently the Supreme Court has appeared to retreat from its decision in Weinberger, by holding in Bowen v. Michigan Academy of Family Physicians, 476 U.S. 667 (1986), that § 405(h), as incorporated into Medicare legislation, did not preclude judicial review of substantial statutory and constitutional challenges. Id. at 680.

jurisdiction, with the only avenue to federal courts being the SSA's review provisions at § 405(g). Weinberger, 422 U.S. at 761-63. That Plaintiffs here have alleged constitutional violations concomitant with their Social Security Act claims does not alter this determination. Id.; see also Heckler, 466 U.S. at 615; Califano, 430 U.S. at 109. The limitations of the Act apply "irrespective of whether resort to judicial processes is necessitated by discretionary decisions of the [Commissioner] or by [the] nondiscretionary application of allegedly unconstitutional statutory restrictions." Weinberger, 422 U.S. at 762. Weinberger, therefore, is clear that a court can not hear a substantive claim under its federal jurisdiction authority based even in part on the Social Security Act.

Two circumstances give pause in applying this analysis and holdings to Plaintiffs' case. The first is that Plaintiffs' claims for payment of fees are not for substantive disability payments but are instead derivative of disability claimants' substantive rights. The Court recognizes, of course, that these claims for representation payment arise in part because the SSA provides the authority for non-attorney representatives to be remunerated for their representation of claimants.

Yet case law indicates that this distinction should not matter. Where attorneys were displeased with their fee awards for claimant representation, the Eighth Circuit Court of Appeals foreclosed the derivative action argument by affirming the trial court's dismissal for lack of subject matter jurisdiction. Copaken v. Secretary of Health, Education and Welfare, 590 F.2d 729, 731 (8th Cir. 1979). Implicit in Copaken, then, is that even Plaintiffs' derivative right can not help them evade the mandates of § 405(h). Nevertheless, Copaken does not discuss what other avenues for relief, if any, a representative aggrieved by an administrative decision may have available.

The second distinguishing feature between the case at bar and Weinberger and Califano is that

both those cases had their roots in litigation involving the denial of substantive benefits for which the SSA **does** provide judicial review. Indeed, the availability of § 405(g) review may have been influential in the Supreme Court's reading of § 405(h)'s limitations. Humana of South Carolina, Inc. v. Califano, 590 F.2d 1070, 1076 (D.C. Cir. 1978) (citing cases). Here the complaint arises solely as a result of representation fee determinations, and § 406, read together with § 405, sets out that representatives have no right to judicial review of the Commissioner's decision. See 42 U.S.C. § 406(a)(3)(C); Thomason v. Schweiker, 692 F.2d 333, 335 (4th Cir. 1982). This complete vesting of discretion in an administrative agency has caused some courts to find jurisdiction.

  Humana, Thomason, and Guadamuz are three cases, which Defendants have not seen fit to mention to the Court, where appellate courts have ruled that in some instances § 405(h)'s ban on federal question jurisdiction is not absolute. In Humana the central issue was whether the Secretary of Health, Education and Welfare had erred in calculating the return on equity capital to allow to Humana as a component of the reasonable cost of providing medical care. Humana, 590 F.2d at 1073. Before reaching the merits the appellate panel addressed the jurisdictional defenses the Secretary had raised. Id. at 1074. The court nodded to Weinberger, id., recognizing there the sweeping and direct preclusion of federal question jurisdiction that § 405(h) commanded. Id. Humana held that litigation questioning the constitutionality of statutory limitations on benefits, or statutory and constitutional assaults on reimbursement amount restrictions all were within the scope of § 405(h). Id. at 1080. Nevertheless, the Humana court also held that a rulemaking challenge, solely alleging the failure to adhere to generally applicable rulemaking methodology, was outside that scope, and that "when suit is brought simply to vindicate an interest in procedural regularity, [42 U.S.C. § 405(h)] is not summoned into play." Id. Essentially, then, the Humana court found § 1331

jurisdiction to lie where the procedural mandates of the APA were allegedly not followed.

The Fourth Circuit in Thomason later also arrived at a result that appears to distinguish Weinberger. There attorney representatives had brought an action challenging a fee award for administrative representation. Thomason, 692 F.2d at 334. Recognizing that under §§ 405(g) and 405 (h) it was without jurisdiction to review the award, id., the court noted that "the setting of fees is committed to the [Commissioner's] discretion, and judicial review of the reasonableness of the fee is precluded." Id. at 335. The court then went on to say, however, that where a plaintiff would bring constitutional, statutory, or regulatory claims relating to fee awards, jurisdiction would exist, for "even where action is committed to absolute agency discretion by law, courts have assumed the power to review allegations that an agency exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations." Id. at 336, quoting Garcia v. Neagle, 660 F.2d 983, 988 (4th Cir. 1981), cert. denied, 454 U.S. 1153 (1982). Thomason, therefore, is broader than Humana in carving out exceptions to § 405(h)'s jurisdictional prohibitions. Where Humana found only procedural compliance with rulemaking to be an exception to §405(h), Thomason would allow review of a wider range of claims.

Finally, the Ninth Circuit in Guadamuz, resting both on Thomason and Humana, also held that courts had jurisdiction to review, in the case where an action is committed to agency discretion by law, whether the agency has "exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations." Guadamuz, 859 F.2d at 767, citing Ness Inv. Corp. v. United States Dep't of Agriculture, Forest Service, 512 F.2d 706, 713-14 (9th Cir. 1975). The Guadamuz plaintiffs, attorney representatives, had sought a class action adjudication of their fee determinations under 42 U.S.C. § 406. Guadamuz, 859 F.2d at 763. Although the Guadamuz court heeded Weinberger when it ruled

that it did not have jurisdiction to hear class members' claims, Guadamuz explained that it could entertain the named plaintiffs' lawsuit, apparently accepting their showing of exhaustion of administrative remedies as the equivalent of the final hearing requirement set out in § 405(g)'s grant of jurisdiction. Id. at 767. The court seemed to find that attorney fee claims were procedural in nature, and thus not subject to the jurisdictional limitation of § 405(h). Id., citing Humana, 590 F.2d 1070 n.77. What began as a narrow distinguishing of Weinberger in Humana, then, in Thomason and Guadamuz has become a more extended exception to the jurisdictional mandates of 42 U.S.C. §§ 405(g) and 405(h).

The Tenth Circuit has skirted the issue of § 1331 jurisdiction in Ryan v. Shea, 525 F.2d 268 (10th Cir. 1975), decided after Weinberger but before Califano and Mathews. In Ryan the court considered whether the termination of benefits could only proceed after notice and a hearing. Id. at 271. The Ryan court did not consider itself constrained by Weinberger's jurisdictional ruling because of Weinberger's being decided in the context of the refusal of a substantive benefits claim, as opposed to the procedural one facing the Ryan court. Id. 272. Without squarely addressing § 1331 jurisdiction, Ryan found jurisdiction to lie either in mandamus or the Administrative Procedure Act, 5 U.S.C. § 702. Id.

Twenty three years after Ryan and with the benefit of Califano and Heckler, this Court is not persuaded by those cases which, despite the broad language prohibiting § 1331 jurisdiction of Social Security Act claims, adjudicated attorney fee disputes under an assumed jurisdictional power. See Guadamuz, 859 F.2d at 767. Moreover, representation fees for non-attorneys, like the benefits the Social Security Act grants and administers, are purely creatures of statute, thus counseling for the full applicability of Weinberger here. Lastly, Califano undercuts both Humana and Guadamuz, to the

9

extent that the latter relies on a conclusion that attorney fee determinations are procedural. Califano makes following the result in Humana, the most thoroughly reasoned of the cases favoring § 1331 jurisdiction, now questionable by squarely holding that the APA is not an independent source of subject matter jurisdiction to adjudicate alleged violations of that statute.[3] Compare Califano, 430 U.S. at 105-07 with Humana, 590 F.2d at 1080-81.  The Court finds, therefore, that it has no jurisdiction under § 1331 to adjudicate Plaintiffs' claims here.

Nor does the Social Security Act's judicial review provision itself grant the Court jurisdiction. Section 405(g) allows judicial review of Commissioner decisions only under limited circumstances. Under this section, the Court can review a decision only if the Commissioner rendered a decision after a hearing to which Plaintiffs were a party.  42 U.S.C. § 405(g).  Although Plaintiffs state that they have exhausted their administrative remedies and that final agency action has occurred on all the issues raised in their complaint, Plaintiffs here have not alleged that the Commissioner has rendered a decision on their procedural and fee disputes to which they were a party.  Their complaint being deficient in a respect that is central to § 405(g) jurisdiction, Weinberger, 422 U.S. at 764, the Court is without subject matter jurisdiction under § 405(g)'s exceptions to § 405(h)'s jurisdictional limitations.  See also Califano, 430 U.S. at 108 (1977).  Plaintiffs' recourse at this point, therefore, lies in the possibility of the Court's having mandamus jurisdiction to proceed.

Unlike the factual jurisdictional challenge to Plaintiffs' complaint, Defendants in arguing for lack of mandamus jurisdiction bring a facial challenge to the Court's power to hear this case.

---

[3] There is no room after Califano for arguing independent APA jurisdiction, and the APA can not serve to fill any interstitial jurisdictional gaps left by the SSA's limitation on federal question jurisdiction.  Califano, 430 U.S. at 107.  Despite their being claims in this litigation of non-compliance with the APA, it is settled law that the APA is not "an implied grant of subject matter jurisdiction to review agency actions." Id. at 105.

Whereas in arguing the Court's lack of jurisdiction under § 1331, the Social Security Act, or the APA Defendants presented legal arguments, here they do not assert that mandamus jurisdiction can not lie. Instead, Defendants contend that Plaintiffs have not brought forth sufficient factual allegations giving rise to the limited circumstances under which the Court can exercise its jurisdictional power under 28 U.S.C. § 1361, the mandamus statute.  Accordingly, for purposes of the mandamus jurisdictional issue the Court accepts all of Plaintiffs' averments of fact as true.  Carpet, Linoleum & Resilient Tile Layers, Local Union No. 419, Broth. of Painters and Allied Trades, AFL-CIO v. Brown, 656 F.2d 564, 567 (10th Cir. 1981).

Despite this Court's being constrained in its jurisdictional reach, Plaintiffs are not left without the opportunity to voice their grievances in this forum, for the Court finds that it may hear some of their claims in mandamus.  Without deciding the availability of mandamus jurisdiction in Social Security cases, the Supreme Court has underlined that "the common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  Heckler, 466 US. at 616.  Moreover, courts must be mindful in ascertaining the existence of mandamus jurisdiction that they

> cannot infringe on the decision-making left to the Executive Branch's prerogative.  The "ministerial-discretionary dichotomy which permeates the jurisprudence of mandamus is merely shorthand for the well-taken rule that to the extent a statute vests discretion in a public official, his exercise of that discretion should not be controlled by the judiciary."

Marquez-Ramos v. Reno, 69 F.3d 477, 479 (10th Cir. 1995), quoting Carpet, Linoleum, 656 F.2d at 566.

In this case, Plaintiffs allege, and Defendants do not deny, that they have exhausted their

administrative remedies. The single issue remaining in the determination of jurisdiction, therefore, is whether Defendants owe Plaintiffs a clear nondiscretionary duty.

Plaintiffs' Complaint presents several issues involving Defendants' duties. First, Plaintiffs argue that the different statutory and regulatory treatment of attorney and non-attorney representatives violate constitutional minimums of equal protection. Next, Plaintiffs claim that in not publishing HALLEX and in relying on an unpublished SSA memorandum to amend HALLEX, all without notice and comment, Defendants have acted contrary to their clear nondiscretionary duties under the APA. Plaintiffs also assert that SSA's denial of their fee agreements is contrary to the clear mandates of § 406(a). Finally, Plaintiffs allege that by omitting to notify them of fee disputes, Defendants have failed in their clear duty under § 406(a)(3)(A) to involve them in the resolution of those disputes. Measuring the allegations in the complaint against the constitutional, statutory, and regulatory framework, Marquez-Ramos, 69 F.3d at 479, the Court looks to each of these allegations to determine whether it may exercise mandamus jurisdiction.

It is hornbook law that the Constitution generally does not impose, for economic legislation, an equal protection duty beyond the legislature's having a conceivable rational basis for its actions. Lawrence H. Tribe, American Constitutional Law § 16-3 (2d ed. 1988). This "near-absolute deference to legislative judgment," id. at 1445, applies in this case. Congress in enacting the SSA and providing funds for persons in need set two standards for authorizing representation of claimants. For instance, attorney representatives to a certain extent carry a lesser burden of showing their competence. See 42 U.S.C. § 406(a)(1). Under agency regulations, attorneys also enjoy different treatment by receiving their fee directly from the agency when their client prevails in a disability claim, whereas Plaintiffs must look elsewhere, presumably to their clients, for payment. 20 C.F.R. §

404.1720. Defendants suggest, and the Court agrees, that there are a number of reasons why Congress and the SSA could conceivably have chosen to differentiate in this manner between attorney and non-attorney representatives. The direct payment method may provide an incentive for attorney representatives. The supervision of attorneys disciplinary panels provide may have reassured Congress with respect to possible abuses of the fee paying process. In any case, Plaintiffs have failed in their heavy burden of showing that the SSA or its accompanying regulations fail rational basis review. The lack of a constitutional duty of equal protection also shows the lack of mandamus jurisdiction to adjudicate this claim.

Next, the Court finds that it lacks mandamus jurisdiction to address whether the Commissioner correctly promulgated the SSA's fee regulations pursuant to 42 U.S.C. § 406. Section 406 states in pertinent part that the Commissioner "may prescribe rules and regulations governing the recognition of agents or other persons [and]... the maximum fees which may be charged for services in connection with any claim." 42 U.S.C. § 406(a)(1). Section 406 also states that if properly presented with a fee agreement in cases where a claimant prevails, the Commissioner shall approve that agreement. Id. § (a)(2)(A). Plaintiffs assert that in promulgating rules that set out the requirements for approval of fee agreements, Defendants have acted beyond the permissible scope of the statute, since § 406 mandates approval of a fee agreement for a prevailing party. The Court rejects this argument, finding that is rests on too narrow and technical reading of § 406. Section 406 directs SSA both to set maximum fees and reasonable fees for attorneys. It also directs SSA to adjudicate fee disputes. The language of Section 406 therefore, is not simply ministerial but is permissive enough with respect to representation and fees that the Court can not say that, even taking Plaintiffs' allegations as true, Defendants have violated a clear nondiscretionary duty, particularly in

light of their "exceptionally broad authority to prescribe standards for applying sections of the Act." Guadamuz, 859 F.2d at 768. The Court is without mandamus jurisdiction to hear this claim.

The Court has mandamus jurisdiction to hear the last of Plaintiffs' claims, however. Plaintiffs charge that Defendants have promulgated HALLEX, an allegedly substantive rulemaking, without notice and comment as set out in the APA. The APA directs that agencies generally provide notice and comment for rulemaking that does not involve "interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice." 5 U.S.C. § 553(b)(3)(A) (1997). Accepting, for purposes of this inquiry, as true Plaintiffs' allegations that HALLEX is substantive in nature and is not an interpretive document, there is no doubt that Defendants have a clear nondiscretionary duty under the APA to provide notice and comment. Lincoln v. Vigil, 508 U.S. 182, 195-96 (1993). In addition, Plaintiffs claim that the memorandum "repealing" the part of HALLEX which allowed substitute representation of a disability claimant is also a substantive rule. Again accepting this as true, the Court has mandamus jurisdiction to adjudicate this issue. Finally, Plaintiffs allege that Defendants did not provide them with notice of fee disputes, while providing this notice to attorneys as § 406 requires. A plain reading of § 406 shows that Defendants must provide notice of fee disputes regardless of whether the representative is an attorney.[4] There is no discretion to exercise

---

[4] Section 406 is unequivocal:

> The Commissioner of Social Security shall provide by regulation for review of the amount which would otherwise be the maximum fee...if....
> (i) the claimant, or the administrative law judge or other adjudicator who made the favorable determination [of eligibility for benefits], submits a written request to the Commissioner of Social Security to reduce the maximum fee, or
> (ii) the person representing the claimant submits a written request to the Commissioner of Social Security to increase the maximum fee.
> Any such review shall be conducted after providing the claimant, the person representing the claimant, and the adjudicator with reasonable notice of such request and an opportunity to submit written information in favor of or in opposition to such request.

42 U.S.C. § 406(a)(3)(A) (1997).

14

with respect to this notice requirement; consequently the Court also has mandamus jurisdiction over this claim.

In sum, despite holding that federal question jurisdiction, as limited by the Social Security Act and its construing case law, is lacking the Court finds that it has mandamus jurisdiction to hear claims that Defendants have failed to provide certain procedural protections mandated by the Administrative Procedure Act.  This result is in harmony with Tenth Circuit pronouncement on the need for accountability in this "increasingly bureaucratic society," Carpet, Linoleum, 656 F.2d at 569, and leaves one door to the courts open, consistent with those cases which were reluctant to vest absolute, unchecked discretion in an administrative agency.  See, Ryan, 525 F.2d at 272, Humana, 590 F.2d at 1080, Thomason, 692 F.2d at 336, Guadamuz, 859 F.2d at 767.

**THEREFORE**,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, filed April 9, 1997 **[Doc. No. 6]** be, and hereby is, **granted in part** and **denied in part**.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs

Steven F. Granberg , Esq.
Barry D. Williams , Esq.
Singer, Smith & Williams
PO Box 25565
Albuquerque, NM 87125

Counsel for Defendants

Joan M. Hart , Esq.
US Attorney's Office
District of New Mexico
PO Box 607
Albuquerque, NM 87103