CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

99 JUL 30 AM 10: 50

[signature]
CLERK-SANTA FE

ARMANDO A. CÓRDOBA, INDEPENDENT
PARALEGAL SERVICES, INC., d/b/a
DISABILITY ADVOCACY CLINIC,

    Plaintiffs,

vs.    No. CIV 96-1393 MV/RLP

KENNETH S. APFEL, Commissioner
of the Social Security Administration;
SOCIAL SECURITY ADMINISTRATION;
UNITED STATES OF AMERICA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss or for Summary Judgment [Doc. No. 31], and on Plaintiffs' Motion for Summary Judgment [Doc. No. 37]. The Court, having considered the motions, responses, reply, relevant law, and being otherwise fully informed, finds that Defendants' Motion is partially well taken and will be **GRANTED in part** and that Plaintiffs' Motion is partially well taken and will be **GRANTED in part**. This decision resolves all remaining issues in the case.

### PROCEDURAL BACKGROUND

Plaintiffs Armando A. Córdoba, and his firm, Disability Advocacy Clinic ("DAC") brought this action against the Commissioner of Social Security and the Social Security Administration ("SSA") asserting various claims relating to the Defendants' administration of payments of representation fees to representatives of successful disability claimants under the Social Security

statute, regulations and policy. DAC employees represent claimants in applications under the Social Security Act for disability insurance and supplemental income payments.

Defendant filed a Motion to Dismiss the Complaint, and on March 30, 1998, this Court issued a Memorandum Opinion and Order dismissing for lack of subject matter jurisdiction Plaintiffs' claims concerning Defendants' differential treatment of attorney and non-attorney representatives and Defendants' promulgation of its Hearings, Appeals and Litigation Law Manual ("HALLEX") outside of their statutory authority. The Court found that it does have mandamus jurisdiction for Plaintiffs' remaining claim that certain provisions of HALLEX are void because the Defendants did not comply with the notice and comment provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 552, 553.

Having conducted discovery, the parties have now filed cross-motions. Defendants have moved to dismiss, arguing that the Court lacks mandamus jurisdiction over the remaining claim, or in the alternative, for summary judgment. Defendants' grounds for both motions are the same, namely that they did not have to comply with the APA because the HALLEX provision at issue is an interpretive rule exempt from the APA's notice and rule-making requirements, because the Commissioner's interpretation of the statute at issue is reasonable and because Plaintiffs have another avenue of relief. Plaintiffs have moved for summary judgment, arguing that the HALLEX provision at issue is a substantive rule requiring compliance with the APA and that the Commissioner's interpretation of the statute at issue is unreasonable.

Because the Defendants' bases for their alternative motions are the same, and because the Court will consider matters outside the pleadings in deciding this motion, the Court will treat Defendants' motion as one for summary judgment.

## FACTUAL BACKGROUND

The Social Security Act authorizes the payment of fees to representatives of claimants seeking certain benefits under certain provisions of the Act. Prior to 1990, the relevant provision concerning fee payments provided, in relevant part, that the Commissioner could prescribe rules and regulations governing the recognition of "agents and other persons, other than attorneys" as representatives and could set maximum fees that could be charged for representing claimants. 42 U.S.C. §406(a). The Commissioner promulgated regulations pursuant to this statutory authority, which state, in relevant part, that SSA will recognize a claimant's representative if both the representative and the claimant have signed a notice stating that the claimant wants the person to be his or her representative. 20 C.F.R. § 404.1707.

In 1990, Congress amended the Social Security Act, adding 42 U.S.C. §406(a)(2)(A). This section provides:

> In the case of a claim of entitlement to past-due benefits under this subchapter, if–
>
> (i) an agreement between the claimant and another person regarding any fee to be recovered by such person to compensate such person for services with respect to the claim is presented in writing to the Commissioner of Social Security prior to the time of the Commissioner's determination regarding the claim,
>
> (ii) the fee specified in the agreement does not exceed the lesser of [certain specified amounts], and
>
> (iii) the determination is favorable to the claimant,
>
> then the Commissioner of Social Security shall approve the agreement at the time of the favorable determination . . . .

The SSA has not promulgated rules in the Code of Federal Regulations that reflect this new

3

statutory provision. Rather, on September 9, 1992, SSA issued HALLEX § I-5-109. The parties do not dispute that the Commissioner has relied on the following portions of § I-5-109 to deny fee agreements submitted by Plaintiffs:

1. The claimant appoints representatives who are not members of a single firm, partnership, or legal corporation. (Plaintiff's Undisputed Facts ¶ 18.)[1]

2. The claimant discharges a representative or a representative withdraws from the case before SSA decided the case. (*Id.* ¶ 19.)

3. Both the claimant and the representative did not sign the fee agreement, (*Id.* ¶ 20.); and

4. The claimant employed more than one representative from a firm, partnership, or legal corporation and both representatives did not sign a single fee agreement. (*Id.* ¶ 21.)

While Plaintiff cites other portions of § I-5-109 in his Memorandum Brief in Support of His Motion for Summary Judgment, (Brief at 8-9), he does not claim denials of his fee agreements resulted from any of these other provisions.

Defendants explain, and Plaintiffs do not refute, that Plaintiffs' fee agreements have also been denied as a result of the Commissioner's policy allowing only the DAC employee who signs the fee agreement as representative, and not Mr. Córdoba or anyone else from his firm, to file the fee agreement for approval of payment. Mr. Córdoba signs the form as executive director of DAC, indicating that the agreement was "accepted and approved" by DAC, while one or more DAC employees sign as the claimant's representative.

---

[1] Since neither party has submitted a copy of HALLEX § I-5-109 with either set of motion papers, the Court relies on Plaintiffs' recitation of the relevant provisions of this Section along with Defendants' failure to dispute that the provisions claimed by Plaintiffs are in fact included in this Section.

4

Defendants point out that when the Commissioner refuses to enforce a fee agreement, the representative may file a petition for approval to collect fees. 20 C.F.R. § 404.1725. Plaintiffs do not dispute Defendants' claim that they have not pursued the fee petition process for fee awards in the cases where their fee agreement was rejected.

On their remaining claim, Plaintiffs seek an Order requiring Defendants to comply with the requirements of the APA, approve fee agreements submitted by Plaintiffs and pay the fees to which Plaintiffs are entitled.

## STANDARD OF REVIEW

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327 (quoting Fed.R.Civ.P. 1). Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322.

## ANALYSIS

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Plaintiff argues that the four HALLEX sections cited above as well as Defendants' policy of refusing to recognize DAC as a representative are void since the Commissioner failed to promulgate them pursuant to the notice and comment rulemaking requirements of the APA. Plaintiff argues further that the Commissioner's interpretation of the statute to exclude firms from being representatives cannot survive judicial scrutiny. The Court will address each allegation in turn.

I. **DEFENDANTS' CLEAR, NON-DISCRETIONARY DUTY REGARDING HALLEX PROVISIONS.**

A. **Alleged Procedural Deficiencies.**

APA § 552(a)(1)(D) requires that an agency publish in the Federal Register "substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency." Generally, before a

rule is made effective, the agency must publish the proposed rule in the Federal Register, allowing appropriate time and opportunity for public comment. 5 U.S.C. § 553(b)-(d). However, these rules do not apply to "interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice." 5 U.S.C. § 553(b)(3)(A).

As the Tenth Circuit has recognized, "[i]n practice, the courts have consistently required that agencies publish their rules and policy statements only if they constitute a change from the existing law, policy or practice." *Knutzen v. Eben Ezer Lutheran Housing Center*, 815 F.2d 1343, 1351 (10th Cir. 1987). Rules falling within the notice and comment rulemaking requirements of the APA are referred to as "substantive rules," while those falling outside of these requirements are referred to as "interpretive rules." *Rocky Mountain Helicopters, Inc. v. FAA*, 971 F.2d 544, 546-47 (10th Cir. 1992). Thus, the notice and comment procedure of the APA is a nondiscretionary duty of the Defendants in connection with substantive rules, but not with respect to interpretive rules.

The Tenth Circuit has recognized that the determination of whether a particular rule is substantive or interpretive is difficult, *Rocky Mountain Helicopters*, 971 F.2d at 547 n.2, and has provided the following additional guidance: A rule is interpretive if it "attempts to clarify an existing rule but does not change existing law, policy or practice." *Id.* at 546-47. Moreover, an agency need not comply with the APA notice and comment rulemaking procedure in the face of clear statutory language authorizing the agency's actions. *Dilley v. NTSB*, 49 F.3d 667, 670 (10th Cir. 1995).

Reviewing the HALLEX provisions raised by Plaintiff in light of the Tenth Circuit analysis, the Court finds that the APA notice and comment rulemaking procedure does not apply to two of the four provisions at issue. The current regulations specifically require that both the representative

7

and the claimant must sign the fee agreement. 20 C.F.R. § 404.1707. The HALLEX provisions that deny payment when both the claimant and the representative did not sign the fee agreement and when the claimant employed more than one representative and both representatives did not sign a single fee agreement fall within this provision of the regulations. Neither of these provisions represents a change from the existing policy that requires that the claimant and the representative(s) sign the same agreement. These two provisions are interpretive, and fall outside of § 553.

The same is true for the Commissioner's policy of refusing to recognize DAC or any other firm as a claimant's representative. There is no evidence in the record that this is a change in the Commissioner's policy concerning fee agreements. Neither side has pointed to a HALLEX provision stating this policy, and the Court notes that the original statutory provision, 42 U.S.C. § 406(a), as well as the implementing regulations for that provision, 20 C.F.R. §§ 404.1707, 404.1720, all refer to the representative as a "person." As was the case in *Dilley*, the Commissioner is simply following the plain language of the statute and the regulations in denying DAC's attempts to have itself as a firm recognized as a representative. Without any evidence of a change in procedure, and in light of the plain language of the relevant statutory provisions, the Court finds that this policy is interpretive and does not require notice and comment rulemaking.

In contrast, the final two HALLEX provisions raised by Plaintiffs do not simply interpret or clarify the existing statutes or regulations. It appears from the provisions cited that the Commissioner will authorize a fee agreement signed by two representatives as long as they both sign on the same form as the claimant. However, the Commissioner will not authorize a fee agreement if those two representatives are not members of a single firm, partnership or legal corporation. The Court finds nothing in the statutory provisions or regulations that authorizes this

8

exception. As the Ninth Circuit has recognized, a per se exception to the rights previously provided by statute or regulation is a change in existing law or policy and is therefore a substantive rule. *Linoz v. Heckler*, 800 F.2d 871, 877 (9th Cir. 1986); *see also United States v. Picciotto*, 875 F.2d 345, 348 (D.C. Cir. 1989)("[A]n interpretive rule explains an existing requirement; it does not impose an 'additional' one.").

The same is true for the HALLEX provision denying fee agreements when the claimant discharges a representative or a representative withdraws from the case before SSA decides the case. The statute provides that if a signed fee agreement is presented at the appropriate time and specifies a certain amount of fees, and if the determination is favorable, the Commissioner "shall approve the agreement." 42 U.S.C. § 406(a)(2)(A). The regulations clarify the requirements for the fee agreements, state the authority of the representative, explain notice provided to the representative and explain that the representative cannot charge more than the Commissioner authorizes. 20 C.F.R. §§ 404.1707, 404.1710, 404.1715 and 404.1720. The Commissioner has carved out an exception for instances when the representative does not see the case through to completion. Pursuant to this provision, the commissioner denies a set of fee applications that would have been approved pursuant to the existing statute and regulations. Because these last two HALLEX provisions are substantive, the Commissioner had a clear non-discretionary duty to conform with the notice and comment procedure of § 552 and § 553 of the APA.[2]

---

[2] The Court recognizes that there might be a need for a policy to deal with the circumstance where a claimant's representation ends prior to a determination. The Court has not considered the merits of the Commissioner's policy, but rather finds that this circumstance is not contemplated by either the statute or the regulations.

9

## B. ALLEGED UNREASONABLE INTERPRETATION.

Plaintiffs claim that the Commissioner's policy of excluding firms as claimant representatives is contrary to the statute and regulations. Courts are highly deferential when reviewing an agency's interpretation of statutes and regulations which it must administer. *McNamar v. Apfel*, 172 F.3d 764 (10th Cir. 1999); *Rocky Mountain Helicopters*, 971 F.2d at 547. This is particularly so in cases involving the Social Security Act. *See Schweiker v. Gray Panthers*, 453 U.S. 34, 43 (1981) (noting that Congress has given the Secretary exceptionally broad authority to prescribe standards for applying sections of the Social Security Act). The agency's interpretation is given "controlling weight unless it is arbitrary, capricious, or contrary to law." *McNamar*, 172 F.3d at 766 (citing *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994)).

Plaintiffs have not shown that the Commissioner's policy, which literally interprets the term "person" in the statute and regulations to mean just that, is in any way arbitrary, capricious or contrary to law. Plaintiffs have failed to point to any portion of the statute or the regulations that even remotely contemplates the participation of firms as claimant representatives. Since the Commissioner's interpretation is reasonable and consistent with the statute and regulations, it is entitled to deference. *See Ryder v. Shalala*, 25 F.3d 944, 947 (10th Cir. 1994).[3]

---

[3] The Court does not address the Commissioner's interpretation of any of the other HALLEX provisions at issue because Plaintiffs raise only their APA argument concerning these provisions. By failing to press these claims and failing to present any competent evidence in support of them in response to the motion for summary judgment, Plaintiffs have failed to carry their burden in opposing summary judgment on these grounds. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## II. OTHER AVENUES OF RELIEF.

Plaintiffs have requested three types of relief: compliance with the APA; approval of fee agreements submitted by Plaintiffs and payment of the fees to which Plaintiffs are entitled. On the first type of relief, the Court finds that Plaintiffs are not able to compel APA notice and comment in any way other than this suit. Defendants' failure to follow the notice and comment rulemaking requirements for the two HALLEX provisions found by the Court to be substantive rules means that those particular provisions are invalid and may not be applied by the Defendants unless and until they are promulgated pursuant to the APA procedures. *See, e.g., United States v. Picciotto*, 875 F.2d 345, 346 (D.C. Cir. 1989) ("A rule which is subject to the APA's procedural requirements, but was adopted without them, is invalid."); *Linoz v. Heckler*, 800 F.2d 871, 878 (9th Cir. 1986)("Agency rules are invalid if the agency fails to comply with APA requirements."). In light of the deference given to the Commissioner in interpreting the Social Security Act, and the fact that declaring these provisions invalid alleviates the harm caused to Plaintiffs, the Court finds that it is up to the Commissioner to decide whether to resurrect these now invalid provisions by following the APA procedures.

In contrast, Plaintiffs have failed to show that they have no other avenues of relief for their claims for approval of their agreements and payments of fees due. Plaintiffs failed to refute Defendants' claim that they have not pursued the fee petition process for fee awards in the cases where their fee agreement was rejected. Nor have Plaintiffs argued that pursuing the fee petition process would be futile. Because Plaintiffs have other viable methods to seek approval of their fee agreements and payment of their fees, mandamus relief is contrary to the purpose of 28 U.S.C. § 1361. *See Rosetti v. Sullivan*, 788 F. Supp. 1380, 1387 (E.D. Pa. 1992), *vacated on other grounds*,

11

*Rosetti v. Shalala*, 12 F.3d 1216 (3d Cir. 1993) (finding court lacked mandamus jurisdiction over claims for benefits where plaintiffs had failed to exhaust existing agency remedies).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss or for Summary Judgment **[Doc. No. 31]** is **granted in part** and Plaintiff's Motion for Summary Judgment **[Doc. No. 37]** is **granted in part** as follows:

1. The HALLEX provisions requiring denial of claims when (1) the claimant appoints representatives who are not members of a single firm, partnership, or legal corporation; and (2) the claimant discharges a representative or a representative withdraws from the case before SSA decided the case, are invalid.

2. In all other respects, summary judgment is granted on all remaining claims in favor of Defendants.

MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiffs:
Dennis W. Montoya

Attorney for Defendants:
Joan Marie Hart

12