IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARMANDO A. CÓRDOBA, INDEPENDENT
PARALEGAL SERVICES, INC., d/b/a
DISABILITY ADVOCACY CLINIC,

    Plaintiffs,

vs.                                                                        No. CIV 96-1393 MV/RLP

KENNETH S. APFEL, Commissioner
of the Social Security Administration;
SOCIAL SECURITY ADMINISTRATION;
UNITED STATES OF AMERICA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion for Reconsideration **[Doc. No. 47]** and Defendants' Amended Motion to Alter or Amend Judgment **[Doc. No. 46]**. The Court, having considered the motions, responses, relevant law, and being otherwise fully informed, finds that neither motion is well-taken and both will be DENIED.

### BACKGROUND

Plaintiffs Armando A. Córdoba, and his firm, Disability Advocacy Clinic ("DAC") brought this action against the Commissioner of Social Security and the Social Security Administration ("SSA") challenging denials of representation fees to representatives of successful disability claimants pursuant to the Hearings, Appeals and Litigation Law Manual ("HALLEX"). Plaintiffs alleged HALLEX had been promulgated in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 552, 553.

On March 30, 1998, this Court issued a Memorandum Opinion and Order dismissing for lack of subject matter jurisdiction Plaintiffs' claims concerning Defendants' differential treatment of attorney and non-attorney representatives and Defendants' promulgation of HALLEX as outside of its statutory authority. The Court found that it does have mandamus jurisdiction for Plaintiffs' remaining claim that certain provisions of HALLEX are void because the Defendants did not comply with the notice and comment provisions of the APA.

The parties subsequently filed cross motions for summary judgment. On July 30, 1999, this Court granted summary judgment in part to each party. The Court found that two of the challenged HALLEX provisions were interpretive rules consistent with the relevant statutory provisions and prior policy and therefore exempt from the APA notice and comment requirements. However, the other two provisions at issue were found to be substantive rules requiring compliance with the APA's notice and comment rulemaking. Because the Commissioner had not conducted notice and comment rulemaking, the substantive provisions were held invalid. Though Plaintiffs sought to have the Court approve fee agreements that had been denied and order that the fees be paid, the Court held that mandamus relief was not appropriate because Plaintiffs had not shown that they had no other avenues for relief. *See* 28 U.S.C. § 1361; *Rosetti v. Shalala*, 788 F.Supp. 1380, 1387 (E.D.Pa. 1992) (finding court lacked mandamus jurisdiction over claims for benefits where plaintiffs had failed to exhaust existing agency remedies).

Both parties now seek reconsideration of part of the Court's July 30, 1999 Order. Plaintiffs urge the Court to reconsider its decision not to order Defendant to approve fee agreements previously denied and to pay fees due. Defendant moves the Court to reconsider its determination that two of the challenged HALLEX provisions are substantive rules that must be promulgated

pursuant to the notice and comment procedures of the APA. 5 U.S.C. § 553.

Plaintiffs did not specify the particular rule of procedure pursuant to which they move for reconsideration. However, the Tenth Circuit has clearly stated that "regardless of how styled, a motion questioning the correctness of a judgment and timely made within ten days thereof will be treated under Rule 59(e)." *Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir.1988); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997). Because Plaintiffs' motion was filed within ten days of the Judgment, Rule 59(e) controls.

## ANALYSIS

A motion to alter or amend the judgment pursuant to Rule 59(e) should be granted only "to correct manifest errors of law or to present newly discovered evidence.'" *Phelps*, 122 F.3d at 1324 (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992)). A motion to reconsider "is not a license for a losing party's attorney to get a 'second bite at the apple'" to make legal arguments that could have been made previously. *Mantle Ranches, Inc. v. U.S. Park Service*, 950 F.Supp. 299, 300 (D.Colo. 1997) (quoting *Johnston v. Cigna Corp.*, 789 F.Supp. 1098, 1101 (D.Colo. 1992)). Both parties in this case seek exactly that – a "second bite at the apple." Rather than present newly discovered evidence, the parties make arguments that were or could have been made previously. Because these are impermissible grounds for seeking reconsideration, the motions will be denied.

**I. Plaintiff's Motion**

Plaintiffs urge the Court to reconsider its decision not to order that Defendants pay previously denied fee agreements despite the Court's finding that mandamus relief was not appropriate because Plaintiffs had alternative remedies, including pursuing the fee petition process.

Plaintiffs' position is rather confusing. On the one hand, they aver that they do not have an adequate alternative remedy to mandamus relief and that they have filed fee petitions which have been denied. They then go on to argue that requiring Plaintiffs to pursue the fee petition process would be inefficient, timely, and costly, thereby conceding that this process is still available to them. Defendants assert, and Plaintiffs do not refute, that Plaintiffs could resubmit their fee agreements and that the Commissioner could not refuse them under the provisions invalidated by the Court. Therefore, the Court finds that Plaintiffs do have an alternative remedy and the Court cannot grant mandamus relief. 28 U.S.C. § 1361; *Rosetti*, 788 F.Supp. at 1386 ("The common law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.") (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

The Court feels it important to point to a troubling issue – the extent to which Plaintiffs failed during the initial motions to address the availability of alternative remedies and continue not to discuss it fully. In their Motion for Reconsideration, Plaintiffs concede that "they did not address [in previous motions] the issue of whether there were alternative avenues of relief for approval of their agreements and payments of fees due." Plaintiffs' Motion for Reconsideration at 2. Arguing anew an issue already argued and resolved, with no new bases, is not an appropriate grounds for a Rule 59(e) motion. *All West Pet Supply v. Hill's Pet Products*, 847 F.Supp. 858, 860 (D. Kan. 1994) ("A motion to reconsider or to alter and amend may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court.") (citations omitted). Further, Plaintiffs fail now in this motion to adequately substantiate the argument on which they seek reconsideration. Rather than presenting the Court with fully developed arguments and evidence in

4

their Motion for Reconsideration, Plaintiffs ask the Court for the chance to brief the issues and present evidence in a hearing. Essentially then, Plaintiffs admit that they did not raise an issue properly raised, and rather than now arguing it, Plaintiffs ask for the *opportunity* to argue it. This is counter to the vital goals of judicial economy and finality, and an improper basis for a Motion to Reconsider.

### II. Defendants' Motion

While Plaintiffs raise an issue they should previously have argued more fully, Defendant reasserts the same arguments made in earlier motion on which the Court has already ruled. Defendant argues that HALLEX is an instructional manual which does not represent substantive rulemaking and, that the two provisions the Court found invalid, are reasonable interpretations of the relevant statute and regulations These *exact* arguments have already been made by Defendant. As stated above, it is improper in a motion to amend to "rehash arguments previously considered and rejected by the district court." *All West Pet Supply*, 847 F.Supp. at 860. Accordingly, Defendant's motion will be denied.

### CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration **[Doc. No. 47]** and Defendants' Amended Motion to Alter or Amend Judgment **[Doc. No. 46]** are hereby **DENIED.**

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiffs:  Attorney for Defendant:
Dennis W. Montoya        Joan Marie Hart